UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              Chapter 7

Bruce Slocum,                                       Case No. 8-21-71799-las

                          Debtor.
-------------------------------------------------------------x

ORDER PURSUANT TO 11 U.S.C. § 362(d)(1) AND (d)(4) VACATING
THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the motion, dated November 15, 2021 (the "Motion") [Dkt. No. 10], of SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Lodge Series III Trust (the "Creditor"), for an order, pursuant to section 362(d)(1), (d)(2) and (d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), seeking *in rem* relief from the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interest in 55 Clifton Place, Port Jefferson, New York 11776 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and there being no opposition to the Motion; and the Creditor having filed a Certificate of No Objection pursuant to the Court's Procedures During National Emergency (COVID-19) [Dkt. No. 11]; and upon all the proceedings had before the Court; and after due deliberation, the Court having determined that the filing of the Debtor's bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved multiple bankruptcy filings by the Debtor affecting the Property; and sufficient cause appearing; it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code as to the

Creditor's interest in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and it is further

ORDERED that under 11 U.S.C. § 362(d)(4), and provided that this order is recorded in conformity therewith, this order terminating the automatic stay under 11 U.S.C. § 362(a) as to the Creditor's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two (2) years after the date of this Order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to the Creditor's interest in the Property; and it is further

ORDERED that the Creditor shall notify the chapter 7 trustee of any surplus monies realized by any sale of the Property within ten (10) days of such sale.



**Dated: December 9, 2021**
**Central Islip, New York**

_Louis A. Scarcella_
**Louis A. Scarcella**
**United States Bankruptcy Judge**